```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


NW PALMER, LLC                             CIVIL ACTION

VERSUS                                     NO: 06-4828

ZURICH AMERICAN INSURANCE                  SECTION: R
COMPANY
```

## ORDER AND REASONS

Intervenor, Hallmark Capital Group, LLC ("Hallmark"), moves this Court to declare plaintiff's sale of property "an absolute nullity."[1] For the following reasons, Hallmark's motion is DENIED.

## I.   BACKGROUND

Until Hurricane Katrina, NW Palmer, LLC ("NW Palmer") operated a hospice on property located at 5650 Read Boulevard, New Orleans, Louisiana, 70137 ("the property"). Hurricane Katrina severely damaged the property, and NW Palmer hired Hallmark to repair the building. The property was beyond repair and the Hospice never returned to business. NW Palmer then assigned its insurance rights to Hallmark to cover the costs of Hallmark's repairs.

---

[1] R. Doc. 86.

In 2006, NW Palmer filed an action to enforce its insurance policy.[2] Hallmark intervened, and the parties settled.[3] This Court dismissed the case on March 20, 2008.[4] Under the terms of the settlement agreement, NW Palmer agreed to pay Hallmark $293,000 to settle its claims. NW Palmer was to pay $200,000 immediately, and the remaining $93,000 when the property was sold.[5] In 2013, NW Palmer sold the property to Grace Tama for $25,000 cash.

Hallmark then filed this motion, which argues that the sale is a sham and should be set aside.[6] Hallmark asks this Court to invalidate the sale, grant title to Hallmark, or, in the alternative, appoint an independent appraiser to value the property and force NW Palmer to sell the property for no less than the appraised value.[7] Further, Hallmark asks this Court to declare the settlement agreement valid and enforceable.

---

[2] R. Doc. 1.

[3] R. Doc. 86-2.

[4] R. Doc. 75.

[5] *Id.*

[6] R. Doc. 86.

[7] *Id.* at 2.

**II. DISCUSSION**

While Hallmark makes various requests concerning NW Palmer's land sale, the settlement agreement is the basis for Hallmark's claims. Accordingly, Hallmark is effectively asking this Court to enforce the settlement agreement it reached with NW Palmer. But there is a threshold problem with Hallmark's request: on March 20, 2008, this Court entered an Order of Dismissal of this case:

> The court having been advised by counsel for all parties that they have firmly agreed upon a compromise in this matter;
>
> IT IS ORDERED that this action be and it is hereby dismissed as to all parties, without costs and without prejudice to the right, upon good cause shown, within sixty days, to reopen the action if settlement is not consummated.[8]

Hallmark's motion comes over five years after the expiration of the time in which a party could have moved to reopen this case. Accordingly, this Court lacks subject-matter jurisdiction over Hallmark's request.

Federal courts are courts of limited jurisdiction and possess power only over those cases authorized by the United States Constitution and federal statutes. Both the Supreme Court and the Fifth Circuit have both explicitly held that there is no provision of law that provides federal courts with jurisdiction over disputes arising out of agreements that produce stipulations

---

[8] R. Doc. 75.

of dismissal. In *Kokkonen v. Guardian Life Insurance Company of America*, the Supreme Court held that, unlike the reopening of an action, "[e]nforcement of the settlement agreement ... is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction."[9] A district court may retain jurisdiction over the enforcement of the settlement agreement by incorporating the agreement into its dismissal order, or by retaining jurisdiction over the settlement contract.[10] Here, the Court did neither. If the court does not do so, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction."[11] Hallmark has not pointed to any independent basis for federal jurisdiction, nor has it identified any authority under which the Court may take the steps it requests.[12] Even if Hallmark sought merely to reopen this matter, the time

---

[9] 511 U.S. 375, 378 (1994).

[10] *Id.* at 381-82; *see also SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 462-63 (5th Cir. 2010).

[11] *Kokkonen*, 511 U.S. at 382.

[12] While it seems that Hallmark may assert diversity jurisdiction, it has not done so. It only represents that it is a "foreign limited liability company registered to and doing business in Louisiana." R. Doc. 86 at 1. But this is insufficient, as the citizenship of an LLC "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

that the Court granted to reopen has long elapsed.[13] Accordingly, Hallmark's motion is denied.

## III. CONCLUSION

Hallmark's motion is DENIED.

New Orleans, Louisiana, this 18th day of July, 2013.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[13] *See Walters v. Lexington Ins. Co.*, No. 07-8690, 2009 WL 1307869, at *1 (E.D. La. May 11, 2009) (dismissing motion to reopen and enforce settlement filed more than sixty days after expiration of court-specified time); *First Bank and Trust v. Haines*, No. 06-2269, 2006 WL 2088309, at *1-2 (E.D. La. July 24, 2006) (same); *United States Dep't of Labor v. Caro*, No. 99-2617, 2001 WL 1175116, at *1 (E.D. La. Oct.3, 2001) (same).